Angela D. Robinson (SBN 154052)
E-Mail:adrlaw112@gmail.com
**ANGELA D. ROBINSON & ASSOCIATES**
468 N. Camden Drive, Suite 200
Beverly Hills, CA 90210
Telephone: (310) 860-7406
Facsimile:   (310) 861-0493

*Attorneys for Plaintiff*
Black Market Records, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BLACK MARKET RECORDS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,.** <br><br> **Plaintiff,** <br><br> vs. <br><br> **MOSES OTIENO OJWANG o/ka/ Fathermoh, an Individual; HARRY OTIENO p/k/a Harry Craze, an individual, CANVASS RECORDS, a record label Organized in the Republic of Kenya, and DOES 1-50** <br> **Defendants.** | Case No. <br><br> **COMPLAINT FOR** <br><br> **1. COPYRIGHT INFRINGEMENT;** <br> **2. BREACH OF CONTRACT;** <br> **3. UNFAIR BUSINESS PRACTICES;** <br> **4. ACCOUNTING;** <br> **5. UNJUST ENRICHMENT** <br> **5. DECLARATORY RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, BLACK MARKET RECORDS, LLC ("Plaintiff") for ITS Complaint against Defendants, MOSES OTIENO OJWANG, HARRY OTIENO, and CANVASS RECORDS, alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to *28 U.S.C.* 1331 and 1338(a) as to the First Claim for Relief. This Court has supplemental jurisdiction over the subject matter of the Second through Fifth Claims for relief as these claims are so related to the federal claim that they form part of the same case or controversy.

2. This Court has personal jurisdiction over all the Defendants by virtue of their transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District and because a substantial part of the property that is the subject of this action is situated here.

3. This Court has specific personal jurisdiction over MOSES OTIENO OJWANG p/k/a FARTHERMOH (Hereinafter known as, ("FATHERMOH") because this litigation arises of of/ and is related to his contacts with the State of California, and this Judicial District, because, upon information and belief, FATHERMOH, entered into an Exclusive Recording Agreement, on November 9th, 2019, referred to as the MOSE OTIENO OJWANG AGREEMENT, the agreement provides for jurisdiction of any claims or disputes arising out of the agreement to provide for this Court's Jurisdiction as the Forum in this judicial district specifically.

4. Additionally, this Court has specific personal jurisdiction over FATHERMOH because upon information and belief, FATHERMOH has authorized the licensing, sale and distribution of the Infringing Work across Platforms such as YouTube, Spotify, Netflix, which has been disseminated in the State of California to California Residents, and used by Corporations in California,; and has

generated revenues from performing the infringing work In the State of California including within this judicial district.

5. This Court has Specific Jurisdiction over FATHERMOH because the recording was mixed, and mastered, and edited in the State of California. FATHERMOH has represented to the Public that he is the copyright owner of the Infringing Work bearing Registration Numbers, SR 1-043-402, and SR 1-012-604, and is disseminating licensing, duplicating, and authorizing third parties to upload the Sound Recordings owned by BLACK MARKET RECORDS, LLC in the State of California, and in this Judicial District.

6. Additionally, this Court has specific personal jurisdiction over FATHERMOH because upon information and belief, (1) FATHERMOH has authorized the licensing, sale and distribution of the Infringing Work across Platforms such as YouTube, Spotify, Netflix, which has been disseminated in the State of California to California Residents, and used by Corporations in California,; and (2) has generated revenues from performing the infringing work In the State of California

7. This Court has specific personal jurisdiction over HARRY OTIENO p/k/a Harry Craze (Hereinafter known as, ("HARRY CRAZE") because this litigation arises of of/ and is related to his contacts with the State of California, and this Judicial District, because, upon information and belief, HARRY CRAZE, entered into an Exclusive Recording Agreement, on November 9th, 2019, referred to as the HARRY CRAZE AGREEMENT, the agreement provides for jurisdiction of any claims or disputes arising out of the agreement to provide for this Court's Jurisdiction as the Forum in this judicial district specifically. HARRY CRAZE also executed Amendments dated to the Recording Agreement, which further provides for this Court's Jurisdiction over any claims or disputes arising out of the Agreement, which includes the Infringing Work, which is subject to this Courts

COMPLAINT FOR COPYRIGHT INFRINGEMENT

8.    Additionally, this Court has specific personal jurisdiction over HARRY CRAZE because upon information and belief, (1) HARRY CRAZE has authorized the licensing, sale and distribution of the Infringing Work across Platforms such as YouTube, Spotify, Netflix, which has been disseminated in the State of California to California Residents, and used by Corporations in California,; and (2)  has generated revenues from performing the infringing work In the State of California including within this judicial district, (3) HARRY CRAZE conduct causes injury to, and is directed at Plaintiffs, ad their Intellectual Property within the United States and the State of California..

9.    This Court has Specific Jurisdiction over CANVASS RECORDS, an entity which operates out of the Republic of Kenya, because CANVASS RECORDS, upon Information and belief entered into an unlawful Recording Agreement with FATHERMOH and has released, disseminated, reproduced, sold, licensed, and make sound recordings, which Infringe upon BLACK MARKET LLC Copy right Sound recordings which arose out of FATHRMOH AND HARRY CRAZE Recording Agreements with BLACK MARKET RECORDS.

10.    This Court has specific Jurisdiction over CANVASS RECORDS because upon information and belief:  (1) CANVASS RECORDS knowingly and intentionally licensed and distributed, or authorized the licensing and distribution of the Infringing Work in California and to California Companies; (2) CANVASS RECORDS upon information and belief unlawfully maintains a contractual relationship with FATHERMOH, who is a Recording Artist who executed a Recording Agreement with BLACK MARKET, LLC  for which this Court has Jurisdiction in the State of California and I this Jurisdiction pursuant to the terms of the Agreement. Under which CANVASS RECORDS income and its interest in the Infringing Work, substantial and continuous commercial interactions with California residents; (3) CANVASS RECORDS has advertised the Infringing

Works to California Residents and California Companies, including the unlawful release to online Platforms which are distributed in California and in this Jurisdiction, (4) CANVASS RECORDS advertised the Infringing Work to California Residents and through California Companies.

## VENUE

11.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claim occurred in this District, and according to jurisdiction under 28 U.S.C.§ 137 .

12.    Venue is proper in any jurisdiction because the Defendants live outside of the United States, specifically upon information and belief, such residence is in Nairobi, Kenya,  however, the Defendants has submitted to the jurisdiction of this Court's Forum as a result of the terms of the Recording Agreement, January 9th, 2021, and any Amendments thereto.

13.    The Court has Personal Jurisdiction over the Defendants MOSES OTIENO OJWANG, HARRY OTENIO, and CANVASS RECORDS because of the purposeful and willful direction of the infringing conduct in and towards the United States, and this district.

## STATEMENT OF FACTS.

14,  **CREATION OF ORIGINAL WORKS**

Black Market Records has a music studio services agreement in the Republic of Kenya, identified as Studio Black Market LTD, where the original recordings were made. The Copyrights were created under the terms of the Exclusive Recording Agreement and Amendments executed by the Defendants. The Original Works for which the Defendants have Infringed were created under the Contractual Agreement granting BLACK MARKET ,LLC the Exclusive rights to the Copyright,as follows: Can Kare Performed by Artist Fathermoh  Origination date is 9/15/2024, mixed and master on 9/30/24; Kujitakia performed by Harry Craze, first recorded on  11/5/2024, final mix& mastered on 9/30/24;Diglo performed by Harry Craze, first recorded on 12/6/2024, final mix& mastered on

12/15/2024;Matopare performed by Harry Craze, first recorded on 10/24/2024, final mix and Mastered on 7/4/2024;Kudade performed by Fathermoh, first recorded on 6/15/2024, final mix & mastering 7/4/2024; Luku Ni Pyam performed by Fathermoh, and Harry Craze, first recorded on 2/4/2025, final Mix and Mastered on 3/8/2025.

15. **BREACH OF THE RECORDING AGREEMENT**

Defendants MOSE OTIENO OJWANG , ("FATHERMOH"), and HARRY OTIENO "("HARRY CRAZE") executed an Agreement with Canvass Records, and or allowed Canvas Records to use the Infringing Work, created under the Terms of the Recording Agreements with Plaintiff BLACK MARKET RECORDS, LLC.

16. **UNAUTHORIZED USE OF THE ORIGINAL WORKS**

Defendants MOSES OTIENO OJWANG, ("FATHERMOH"), and HARRY OTIENO "("HARRY **CRAZE"),** and CANVASS RECORDS, released, distributed, performed, duplicated the Infringing work and Infringing Sound Recordings in a manner that constitutes willful copyright infringement, without the permission or authority of BLACK MARKET RECORDS, LLC.

17. . **ACCESS TO THE WORK**

Defendants MOSES OTIENO OJWANG, ("FATHERMOH"), and HARRY OTIENO "("HARRY CRAZE") had access to he Original Work as their position as the Performers on the Original Works, by having copies of the Recordings, which is customary for Recording Artist to have sample copies of their recorded performances.  The Copy of the Original Work was produced and recorded at the Studio in Kenya, and later delivered to Plaintiff Black Market Records studio in Sacramento, CA, for final completion.  Defendants MOSE OTIENO OJWANG, ("FATHERMOH"), and HARRY OTIENO "("HARRY CRAZE") took the copies in their possession of the Original Works and Sound Recordings and reduplicated the Original Copyrights as if Defendants were the Owners of the

COMPLAINT FOR COPYRIGHT INFRINGEMENT

Copyright, and that such Recordings had not been created under the Exclusive Recording Agreements.,

## EXPLOTATION OF THE ORIGINAL MASTERS AND RECORDINGS

18. Defendants MOSES OTIENO OJWANG , ("FATHERMOH"), and HARRY OTIENO "("HARRY CRAZE") , and CANVASS RECORDS, upon information and belief has uploaded the Infringing Works to U-tube, Apple Music, released in Commercials advertising "Alcoholic Beverages",  such Recordings are being performed at music and or concert venues, and played on Radio Stations and their affiliates around the Globe,  in California and in this Judicial District.

19. The Infringing Work has been released by Defendants featuring  a music video on YouTube. To date the Video has well above Three Millions Views (3 Million) views on YouTube.

## THE PARTIES

20. Plaintiff  BLACK MARKET RECORDS, LLC  is record label formed under the Laws of the State of California, as a Limited Liability Company.  BLACK MARKET RECORDS, LLC, doing business in the City of Sacramento, as its principal location. BLACK MARKET RECORDS, LLC operates globally, and has, through its affiliates, operated for more than 30 years.  BLACK MARKET, LLC has offices in Kenya and is known for discovering Talent in Kenya, building talent and Releasing Records, primarily in the Rap genre known as" Ganja".

21. BLACK MARKET RECORDS, LLC owns and operates a Recording Studio in Kenya, where Recordings are partially created for artists such as FATHERMOH, HARRY CRAZE, MOSES OTIENO OJWANG , ("FATHERMOH"), and many other recording artists signed to BLACK MARKET RECORDS, LLC. BLACK MARKET RECORDS, LLC has been in Existence for over thirty (30) years, releasing recordings for numerous artists, releasing more than 8,000 songs which are

distributed in the United States and around the World.

22. BLACK MARKET RECORDS, LLC contracted a studio in Kenya through the music studio services agreement by producing Kenyan artists for the release of Recordings in the African Diaspora, developing such talent, and releasing such artists' recordings in Kenya and distributing throughout the World.

23. On information and belief, Defendant MOSES OTIENO OJWANG, professionally known as (FATHERMOH), is an individual residing in Nairobi, Kenya, who is a Recording Artist, who tours in Africa, and performs in Music Videos. MOSES OTIENO OJWANG, ("FATHERMOH"), entered into a Recording Agreement on January 9th, 2021, identified as the ("MOSES OTIENO OJWANG AGREEMENT"), attached herein as Exhibit 1.

24. "FATHERMOH" is a member of a group signed to BLACK MARKET RECORDS, LLC as RICO GANG, pursuant to the ("MBUZI GANG RECORDING AGREEMENT). Dated November 9th, 2019.

25 On information and belief, Defendant HARRY OTEINO, professionally known as (HARRY CRAZE), is an individual residing in Nairobi, Kenya, who is a Recording Artist, who tours in Africa, and performs in Music Videos. HARRY OTEINO ("HARRY CRAZE") entered into a Recording Agreement on November 9th, 2021, as a member of the "RICO GANG", attached herein is a true and correct copy as Exhibit 1.

26. On information and belief, HARRY OTEINO ("HARRY CRAZE"), entered into a Recording Agreement on April 29th, 2024, after the disbanded, as a "Solo" Artist, attached herein is a true and correct copy of Exhibit 2.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

. 27.    On information and belief, Defendant CANVASS RECORDS is a business operating in Nairobi, Kenya, and also promotes and released recordings in this District, and around the world using the name and likeness of BLACK MARKET

28.    The true names and capacities, whether individual, corporate, or otherwise, of the Defendants sued as Does 1 through 50 are unknown to Plaintiff, who, therefore, sues them by such fictitious names. At such time as their true names and capacities have been ascertained, Plaintiff will seek leave of Court to amend this Complaint accordingly. On information and belief, Plaintiff alleges that each of Does 1 through 50 was the agent, representative, or employee of each of the other Defendants and was acting at all times within the scope of his/her agency or representative capacity, with the knowledge and consent of the other Defendants, and that each of Does 1 through 50 are liable to Plaintiff in connection with one or more of the claims sued upon here and are responsible in some manner for the wrongful acts and conduct alleged here.

## FIRST CLAIM FOR RELIEF

### (Federal Copyright Infringement against all Defendants)

29.    Plaintiff incorporates by reference all the allegations of paragraphs 1 through 28, inclusive of this complaint as though set forth herein in full.

30.    Plaintiff owns the following copyrighted material: Can Kare, Kudade, Luku Ni Pyam, Kujitukia,Diglo, Matopare, Guda Guda, Nyadundo, identified as the MASTER RECORDINGS.

31.    Likewise, Plaintiff has registered with the United States Copyright Office the following material:

32.    The above-referenced Can Kare Recording was registered with the Copyright Office on July 8th, 2025, Registration Number SR 1-043-402.

The above-referenced Luku Ni Pyam was Registered with the Copyright Office on July 1, 2025, 2024, Registration Number SR 1-042-171,

33. The above-referenced Kudade was Registered with the Copyright Office on September 25th, 2024, Registration Number SR 1-012-604.tion Number SR 1-012-604. Attached and incorporated herein is a true and correct copy of the Copyright registrations as Exhibit 3.

Copyright Registration for the Masters, Kuitukia Diglo, Guda Guda, Matopare, and Nyadundo are pending. Attached and Incorporated herein is a true and correct copy of the Pending Copyright attached and incorporated herein as Exhibit 4.

34. Plaintiff has complied in all respects with *17 U.S.C.* 101 et seq., and secured the exclusive rights and privileges in and to the copyrights of the above-referenced works. Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in their respective works as referenced above.

35. Defendants MOSES OTIENO OJWANG, ("FATHERMOH")_ and HARRY OTEINO , ("HARRY CRAZE") are using Plaintiffs' copyrighted materials in products which they both manufacture and market without the permission of Plaintiff. They have done so since approximately July 4, 2025.

36. Defendant CANVASS RECORDS is using Plaintiffs' copyrighted materials in products which they both manufacture and market without the permission of Plaintiff. They have done so since approximately July 4, 2025.

37. Plaintiff has demanded that Defendants stop manufacturing and marketing Plaintiff's copyrighted content without her consent. Defendants have refused to cease their infringing

activities. Plaintiff BLACK MARKET RECORDS, LLC, tendered a Cease and Desist notice on September 5th, 2025, to cease and desist using the Infringing Work. Attached and incorporated herein is a true and Correct Copy of the Cease-and-Desist Letter as Exhibit 5.

38.   Defendants' conduct has been in willful violation of Plaintiffs repeated warnings to Defendants that Plaintiff does not want its copyrighted material, manufactured and marketed without its consent, and that Defendants' conduct is unauthorized. The specific acts of infringement described above are simply representative of a broader pattern of infringement in which Defendants make unauthorized use of the content of Plaintiffs' copyrighted material 24 hours a day, every day.

39.   Defendants have uploaded the Musical Works, Sound Recordings, and Master to several online outlets such as YouTube, Apple Music, Television Commercials, and Videos, which have been viewed over One Million times by the Public.

40.   Defendants' conduct violates the exclusive rights belonging to Plaintiff as the owner of the copyrights in the respective Master and Sound Recording, including without limitation Plaintiffs' rights under *17 U.S.C.* 106.

41.   On information and belief, Plaintiff alleges that, as a direct and proximate result of their wrongful conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seeks an award of damages pursuant to *17 U.S.C.* 504 and 505.

42.   Defendants' infringing conduct has also caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

43.   On information and belief, Defendants have willfully engaged in, and are willfully

engaging in, the acts complained of with oppression, fraud, and malice, and in conscious disregard of the rights of Plaintiff. Plaintiff are, therefore, entitled to the maximum statutory damages allowable.

44.    As a consequence of this dispute between the parties as to the rights, title, and interest in the copyright material described above, and pursuant to the Federal Declaratory Judgment Act, *28 U.S.C.* 2201 and 2202, Plaintiff also seeks a resolution of this ongoing controversy by a declaration of this Court as to the rights of the respective parties in this matter.

## SECOND CLAIM FOR RELIEF

**(Breach of Contract against Defendants MOSES OTIENO OJWANG , ("FATHERMOH")_ and HARRY OTEINO , ("HARRY CRAZE")_**

43.    Plaintiff incorporates by reference all the allegations of paragraphs 1 through 44, inclusive of this complaint as though set forth herein in full.

44.    On or about  November 9, 2019 Plaintiff and Defendants MOSE OTIENO , ("FATHERMOH")_ and HARRY OTEINO , ("HARRY CRAZE") individually and collectively entered into a contract identified as ("RICO GANG"). A copy of the contract is attached hereto marked Exhibit "1" and incorporated herein by reference.

45. On or about  January 9th, 2021  Plaintiff and Defendants MOSES OTIENO OJWANG , ("FATHERMOH")_  individually and collectively entered into a contract identified as ("MOSES OTIENO OJWANGAGREEMENT "). A copy of the contract is attached hereto marked Exhibit "2" and incorporated herein by reference.

46. On or about April 29th, 2024 Plaintiff and Defendants  HARRY OTEINO , ("HARRY CRAZE") individually  entered into a contract identified as ("THE HARRY CRAZE MUSIC RELEASE AGREEMENT ").  with Black Market Records in Kenya to record a number of sound

recordings as work for hire in his personal capacity for Black Market Records a copy of the contract is , LLC.  The terms and conditions of the agreement identified as the RICO GANG November 9th, 2021, agreement remained in full force and effect. attached hereto, marked Exhibit "3" and incorporated herein by reference.

47.    On or about July 24, 2025  Defendant MOSES OTIENO OJWANG , ("FATHERMOH")_ and HARRY OTEINO , ("HARRY CRAZE")  breached said contract by signing a Recording Agreement with Defendant CANVAS RECORDS, distributing, , marketing, and performing the Plaintiffs Copywritten Material, which violates the terms of the agreement  Plaintiff as agreed under the terms of the contract, falsely representing to the public that Defendants are the owners of said Recordings, and has entered into agreements with third parties for compensation for Use of plaintiffs Copyright.

48.  Under the terms of the Agreement, Plaintiff owns substantial rights such the name and likeness of Artist,  Defendants cannot re-record any Masters, or Sound Recordings made under the Agreement and are the Exclusive Artist under the Contractual Agreement.

49.  Defendants MOSES OTIENO OJWANG, ("FATHERMOH")_ and HARRY OTEINO , ("HARRY CRAZE" have also breached said contract by failing to obtain the prior approval of Plaintiff on releasing said Copywritten materials, marketing the materials as agreed under the terms of the contract; by utilizing Plaintiffs' copyrighted materials in products which they develop, produce and market without its permission.

50.  Plaintiff has performed all of the terms and conditions required to be performed by it under the terms of the contract except for those terms and conditions which Plaintiff was legally excused from, or prevented from, performing.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

51.   Plaintiff has repeatedly demanded that Defendants MOSE OTIENO OJWANG , ("FATHERMOH")_ and HARRY OTEINO , ("HARRY OTIENO , ("FATHERMOH")_ and HARRY OTEINO , ("HARRY CRAZE"RY CRAZE"  perform their promises under the contract, but Defendants MOSE OTIENO OJWANG, ("FATHERMOH")_ and HARRY OTEINO , ("HARRY CRAZE") have failed and refused, and continues to fail and refuse to perform their promises under the contract.

52.   The Defendants MOSES OTIENO OJWANG, ("FATHERMOH")_ and HARRY OTEINO , ("HARRY CRAZE"), entered into the Recording Agreements identified on Exhibits 1,2, and 3 by agreeing to ( a)  be an Exclusive Recording Artist during the term of the agreement; (b) not record with any other recording labels without the Permission of Plaintiff; to deliver a minimum number of recordings to Plaintiff BLACK MARKET RECORD, LLC during the term of the agreement;(c) that Plaintiff BLACK MARKET RECORDS, LLC would be recognized as the sole owner throughout the world of the Copyrights made during he term of the Recording Agreement; (d) Defendants would refrain from releasing, rerecording, distributing, or exploitation of the Recordings except through Plaintiff BLACK MARKET RECORDS, LLC thorough the terms of the agreement; (e) Plaintiff BLACK MARKET, LLC be the exclusive owner of the Name, Image, and Likeness of the Defendants during the term of the Recording Agreement, and as such no other Record Label would own such rights to claim Defendants as its Exclusive Recording Artist during based on the terms of the Agreements executed by the Defendants.  MOSES OTIENO OJWANG , ("FATHERMOH")_ and HARRY OTEINO , ("HARRY CRAZE")

53.   As a direct and proximate result of the breach of contract by Defendants MOSES OTIENO OJWANG, ("FATHERMOH")_ and HARRY OTEINO , ("HARRY CRAZE" Plaintiff has suffered damages in an amount not yet ascertained, but which will be proven at time of trial.

## THIRD CLAIM FOR RELIEF

### (Unfair Business Practices against all Defendants)

54.    Plaintiff incorporates by reference all the allegations of paragraphs 1 through 53, inclusive of this complaint as though set forth herein in full.

55.    Defendants and each of them have engaged in fraudulent, deceptive, unfair, and wrongful conduct by utilizing Plaintiffs' copyrighted Recordings in Online Platforms, Videos, Television Commercials, advertising of products, and redistributing the Copywritten Records, without itsr permission. Defendants have engaged in said conduct since approximately July 24, 2025.

56.    Further, Defendants _MOSES OTIENO OJWANG , ("FATHERMOH")_ and HARRY OTEINO , ("HARRY CRAZE" and CANVAS RECORDS has further engaged in fraudulent, deceptive, unfair and wrongful conduct by  falsely claiming ownership thereof  of the Plaintiff;s Copywrites without the permission or prior knowledge of Plaintiff.

57.    On information and belief, Plaintiff alleges that Defendant  MOSES OTIENO OJWANG, ("FATHERMOH")_ and HARRY OTEINO , ("HARRY CRAZE"has falsely claimed ownership of,  the following material, which material was in fact owned by the Plaintiff in the rights granted to Plaintiff under the terms of the Recording Agreements.

58.    By reason of Defendants' fraudulent, deceptive, unfair, and other wrongful conduct as herein alleged, said Defendant's have violated *California Business and Professions Code* § 17200, et seq., by consummating an unlawful, unfair, and fraudulent business practice, designed to deprive plaintiff of the profits she could have earned had Defendant's not engaged in unfair business practices.

59.   On information and belief, Defendants have engaged in a repeated pattern of pursuing proceedings in the forum of Kenya, despite the fact that the Recording Agreement was executed in

COMPLAINT FOR COPYRIGHT INFRINGEMENT

the United States, and the forum of Choice is this district, Defendants has filed suit in Kenya, seeking applications for contempt, assertions that Court Orders has been issued in Kenya, as well as receipt of threatening communications from Defendants Kenyan Legal Counsel. At no time during this dispute did the Defendants seek any legal remedies within the United States or this forum.

60. By reason of the foregoing, Plaintiff has suffered and continues to suffer damages in a sum which is, as yet unascertained but which will be proven at time of trial.

## FOURTH CLAIM FOR RELIEF

### (Accounting against Defendants MOSES OTIENO OJWANG , ("FATHERMOH")_ and HARRY OTEINO , ("HARRY CRAZE"and  CANVASS RECORDS)

61. Plaintiff incorporates by reference all the allegations of paragraphs 1 through 60, inclusive of this complaint as though set forth herein in full.

62. As a result of the aforementioned allegations, Defendants MOSES OTIENO OJWANG , ("FATHERMOH")_ and HARRY OTEINO , ("HARRY CRAZE") and  CANVASS RECORDS have received money, a portion of which is due to Plaintiff from Defendants **MOSES OTIENO OJWANG , ("FATHERMOH")_ and HARRY OTEINO , ("HARRY CRAZE") and CANVASS RECORDS**, as previously alleged.

63. The amount of money due from Defendants MOSES OTIENO OJWANG, ("FATHERMOH")_ and HARRY OTEINO , ("HARRY CRAZE") and  (CANVASS RECORDS ) to Plaintiff is unknown to plaintiff and cannot be ascertained without an accounting of the receipts and disbursements of the aforementioned transactions. Plaintiff is informed and believes and thereon alleges that the amount due to plaintiff exceeds $1,000,000.00 One Million dollars.

64. Plaintiff has demanded an accounting of the aforementioned transactions from Defendants MOSES OTIENO OJWANG , ("FATHERMOH")_ and HARRY OTEINO , ("HARRY

CRAZE"and  CANVASS RECORDS and payment of the amount found due but defendants _MOSES OTIENO OJWANG , ("FATHERMOH")_ and HARRY OTEINO , ("HARRY CRAZE") and  CANVASS RECORDS  have failed and refused, and continue to fail and refuse, to render such an accounting and to pay such sum.

## FIFTH CLAIM FOR RELIEF

### (Declaratory Relief against Defendant MOSE OTIENO OJWANG , ("FATHERMOH")_ and HARRY OTEINO , ("HARRY CRAZE"and  CANVASS RECORDS)

65.     Plaintiff incorporates by reference all the allegations of paragraphs 1 through 36, inclusive of this complaint as though set forth herein in full.

66.     A dispute exists between Plaintiff and Defendants MOSE OTIENO OJWANG , ("FATHERMOH")_ and HARRY OTEINO , ("HARRY CRAZE"and  CANVASS Records as to the rights, title, and interest in the copyright material described in paragraphs 39-44 of this complaint.

67.     As a consequence of this dispute between the parties as to the rights, title, and interest in the copyright material described above, and pursuant to the Federal Declaratory Judgment Act, *28 U.S.C.* 2201 and 2202, Plaintiff also seek a resolution of this ongoing controversy by a declaration of this Court as to the rights of the respective parties in this matter.

68.     Declaratory relief is necessary and appropriate to resolve this controversy, to remove uncertainty in the marketplace, and to ensure that third parties, including but not limited to digital platforms and distributors, recognize Plaintiff's exclusive ownership rights.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

**RESERVATION OF RIGHTS.**

69.    Plaintiff asserts the claim with respect to the Copywritten works for which registrations have been issues and reserves the right to amend this Complaint to include claims concerning additional works as registrations issue.  Plaintiff further reserves the right to amend this Complaint to add additional parties, including but not limited to digital streaming platforms, service providers, and distributors, should discovery reveal facts demonstrating that such parties fall outside the protections of 17 U.S.C. 512 or are directly or secondarily liable for the infringing conduct alleged herein.

<b>PRAYER FOR RELIEF</b>

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

**FIRST CLAIM FOR RELIEF:**

A.    Declaring that Defendants' unauthorized conduct violates Plaintiff' rights under common law and the Federal Copyright Act;

B.    Immediately and permanently enjoining Defendants, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing any of Plaintiff' copyrighted articles or copyrighted material without consent or otherwise infringing Plaintiff' copyrights or other rights in any manner;

C. Ordering Defendants to account to Plaintiff for all gains, profits, and advantages derived by Defendants by their infringement of Plaintiffs copyrights or such damages as are proper, and since Defendants intentionally infringed Plaintiffs copyrights, for the maximum allowable statutory damages for each violation;

D.    Awarding Plaintiff actual and/or statutory damages for Defendants' copyright infringement in an amount to be determined at trial;

COMPLAINT FOR COPYRIGHT INFRINGEMENT

E.  Awarding Plaintiff their costs, reasonable attorneys' fees, and disbursements in this action, pursuant to *17 U.S.C.* 505; and

F.  For actual damages and profits of the Defendants for copyright infringement pursuant to 17 U.S.C.§ 504(a)(1) and (b)'

G.  Awarding Plaintiff such other and further relief as is just and proper.

**SECOND CLAIM FOR RELIEF:**

H.  For damages according to proof at time of trial;

I.  For interest on said damages from July 24, 2025  at 10% per annum.

J.  Awarding Plaintiff such other and further relief as is just and proper.

**THIRD CLAIM FOR RELIEF:**

K.  For damages according to proof at time of trial;

L.  For interest on said damages from July 24, 2025  at 10% per annum;

M.  For punitive damages according to proof at time of trial;

N.  Awarding Plaintiff such other and further relief as is just and proper.

**FOURTH CLAIM FOR RELIEF:**

O.  For an accounting of all profits, income, receipts, or other benefits derived by Defendants from the reproduction, copying, display, promotion, or distribution. Or sale of the Sound Recording, Masters in any form, and in any media, including but not limited to Digital Media, Streaming Platforms, radio, Television,

P.  For the amount found to be due from defendants to plaintiff as a result of the accounting and interest on that amount from and after July 24 2025;

Q.  For costs of suit herein incurred;

R.  Awarding Plaintiff such other and further relief as is just and proper.

**FIFTH CLAIM FOR RELIEF:**

S. For a declaration by this Court as to the rights of the respective parties regarding the ownership and rights, title, and interest in the copyright material described in paragraph 36 of this complaint;

T. For a declaration and finding that Defendants have willfully infringed Plaintiff's copyrighted work in violation of the Copyright act;

U. For costs of suit herein incurred.

V. Awarding Plaintiff such other and further relief as is just and proper.

Respectfully Submitted

Dated: March 18, 2026

Angela D. Robinson
ANGELA D. ROBINSON & ASSOCIATES
468 N. Camden Drive, Suite 200
Beverly Hills, CA 90210
(310) 860-7406 Office
(310) 861-0943 Fax

Attorneys for Plaintiffs
*BLACK MARKETS RECORDS, LLC*

- 20 -
COMPLAINT FOR COPYRIGHT INFRINGEMENT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by a jury in the above-entitled action.

Dated: March ____ 2026

Respectfully Submitted

Angela D. Robinson
ANGELA D. ROBINSON & ASSOCIATES
468 N. Camden Drive, Suite 200
Beverly Hills, CA 90210
(310) 860-7406 Office
(310) 861-0943 Fax

Attorneys for Plaintiffs
*BLACK MARKETS RECORDS, LLC*

COMPLAINT FOR COPYRIGHT INFRINGEMENT